USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/7/25

Schwartz Perry & Heller LLP
3 Park Avenue, Suite 2700
New York, NY 10016

**MEMORANDUM ENDORSED**

# Schwartz Perry & Heller

212.889.6565 PHONE
212.779.8208 FAX
www.sphlegal.com

April 4, 2025

**Via ECF**

Hon. Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    **Bhawatie Kasi v. A&H Security Services, LLC**
               **1:24-cv-07952-GHW**

Dear Judge Woods:

      I represent the Plaintiff Bhawatie Kasi ("Kasi") in this matter. I write jointly with counsel for Defendant A&H Security Services, LLC ("A&H Security" or "Defendant") in accordance with Rule 2(E)(ii) of the Court's Individual Rules of Practice in Civil Cases regarding a discovery dispute, namely, Defendant's desire to subpoena Plaintiff's ex-husband for a deposition.

      The parties have met and conferred over this matter, which included multiple emails and telephone calls over a period of several days. The parties have been unable to resolves this issue and require the assistance of the Court.

**Position Of Plaintiff**

      As set forth in the Complaint, Kasi was egregiously sexually harassed by her superior, which included grabbing her face with both of his hands and kissing her on the lips, as well as taking Kasi's right hand and placing it on his erect penis and saying, "Look what you're doing to me."

      During the time she was sexually harassed, and continuing to today, Kasi resides with her ex-husband, Zaman Baksh ("Baksh"), who she divorced in May 2023. (Kasi Depo. 10-11). Kasi's living situation with her ex-husband is not a positive one and she had complained to her therapist about the difficulties she has living with him. (Kasi Depo. 211). Kasi cannot financially afford to move to a new residence. While Kasi has her own room in their shared apartment, she spends most of her time in her car and only goes into the apartment to shower and sleep. (Kasi Depo. 216, 224). In fact, Kasi temporarily moved to a women's shelter due to the difficulties she experienced living with her ex-husband. (Kasi Depo. 218).

# Schwartz Perry & Heller

On March 27, 2025, just hours after the deposition of the owner of A&H Security concluded, defense counsel served a notice of deposition pursuant to subpoena for Baksh. I contacted defense counsel and explained that Kasi never discussed the facts underlying this case with Baksh and that taking his deposition would exacerbate her already tenuous living situation. Defense counsel proposed that Baksh sign an affidavit but, in order to obtain an affidavit from Baksh, Kasi would be required to discuss the facts of this case with him, which she does not wish to do. Accordingly, defense counsel's suggestion did not resolve the problem.

Baksh does not have any relevant information on liability or damages, as Kasi did not confide in him about what happened at A&H or how it impacted her. Revealingly, no party has identified Baksh as a potential witness. A&H Security could have but did not ask Kasi at her deposition if she discussed this case or her emotional condition with Baksh. See Torcasio v. New Canaan Bd. of Educ.Educ., 2016 U.S. Dist. LEXIS 8683, at *7 (finding that the plaintiff "failed to make a sufficient proffer of relevancy concerning the deposition of [defendant's spouse]" and noting that the spouse had not been identified as a witness).

A&H Security's speculation that Baksh might possibly have relevant information is insufficient to disrupt Kasi's already precarious living arrangement. See McCarthy-Mastro v. Sarroff, 2003 U.S. Dist. LEXIS 8237, at *2 (S.D.N.Y. May 15, 2003) (quashing a subpoena where "counsel sought to justify the subpoena on the speculation that defendant's wife might offer testimony with defendant's possible future version of the facts, and that she might have witnessed unspecified events…").

Accordingly, Kasi respectfully requests that the Court issue a protective order pursuant to Federal Rules of Civil Procedure 26(c)(1) preventing A&H Security from serving a subpoena on Baksh and taking his deposition.

Defense counsel has agreed to hold off on serving the subpoena on Baksh pending this application to the Court. Should the Court ultimately permit the deposition to occur, Plaintiff requests that the discovery deadline of April 23, 2025 be extended solely for the purpose of allowing the deposition to take place. The parties expect to complete all other discovery before the deadline.

**Position Of Defendant**

Plaintiff improperly seeks to prevent Defendant from taking the deposition of her ex-husband.

Preliminarily, Plaintiff lacks standing to seek a protective order precluding Defendant from taking the deposition off Baksh, a non-party witness. A party ordinarily "lacks standing to challenge a non-party subpoena on the basis of relevance or burden." Frazier v. Morgan Stanley & Co., 2021 U.S. Dist. LEXIS 123554 (June 30, 2021) (internal citations omitted). The circumstances when a party has standing challenge a non-party subpoena is when it involves a privacy interest. See Hartman v. Hasc. Ctr., Inc., 2019 U.S. Dist. LEXIS 250320 (E.D.N.Y. Nov. 12, 2019) (stating a party "lacks standing to challenge a non-party subpoena…unless the party is

2

# Schwartz Perry &amp; Heller

seeking to protect a personal privilege or right."). Here, Plaintiff's counsel appears to seek a protective order on the basis of relevance or burden – claiming that Plaintiff did not confide in Mr. Baksh regarding her claims of harassment or distress in this case. Plaintiff lacks standing to seek a protective order on such grounds and the request should be denied for this reason alone.

Moreover, Plaintiff's credibility is at issue and Defendant is well within its rights to question her ex-husband about communications he may have had with Plaintiff regarding her allegations in the Complaint and during discovery. In the Complaint, Plaintiff claims that she was married, as of September 2024, when the Complaint was filed and weeks after the alleged harassment occurred. This turned out to be false, with Plaintiff admitting during her deposition that they, in fact, divorced in May 2023. Plaintiff also alleges that she was subjected to severe harassment between mid-April and mid-June 2024. It is undisputed that she resided with her ex-husband during this time. She further alleges that no one witnessed the allegedly harassing behavior. During her deposition, Plaintiff testified to creating contemporaneous notes of the alleged harassment, which she then used to prepare the instant Complaint. However, she admitted she then intentionally destroyed them. (Kasi Depo 173:22 – 174:19). This occurred several weeks after Plaintiff's counsel contacted Defendant in early July 2024 with threats of litigation for alleged harassment, triggering Plaintiff's obligations to preserve relevant evidence. By her own admission, Plaintiff engaged in spoliation.

Under the circumstances, Defendant is well within its rights to question Plaintiff's ex-husband about communications they may have had regarding Plaintiff's employment with A&H, including her allegations of harassment, particularly since they resided together when the harassment allegedly occurred. Defendant does not have to blindly accept Plaintiff's counsel's insistence that she did not speak to her ex-husband about these claims. See Lynch v. City of New York, 2021 U.S. Dist. LEXIS 213938 (S.D.N.Y. Nov. 4, 2021) (Fundamentally, in civil litigation "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).); see also New Falls Corporation v. Soni, No. CV 16-6805 (ADS)(AKT), 2020 U.S. Dist. LEXIS 94747 (E.D.N.Y. May 29, 2020) (Rule 26(b) "is liberally construed and is necessarily broad in scope."). "Information is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial." Id.

Even if Plaintiff had standing to seek a protective order (which she does not), she cannot establish the requisite "good cause." New Falls Corporation v. Soni, No. CV 16-6805 (ADS)(AKT), 2020 U.S. Dist. LEXIS 94747 (E.D.N.Y. May 29, 2020)(under Rule 26(c), the court may issue a protective order upon a showing of "good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."). The party seeking a protective order bears the burden of demonstrating that good cause exists for the issuance of that order. Id. ("To show good cause, particular and specific facts must be established rather than conclusory assertions."). During her deposition, Plaintiff tried to minimize any alleged strife between herself and her ex-husband, claiming only that they had separate bedrooms and she was upset that he had become romantically involved with another individual. (Kasi Depo. 215:19-

# Schwartz Perry & Heller

216.18). Plaintiff has not established that she would experience annoyance, embarrassment, oppression or undue burden or expense simply by virtue of Defendant taking the deposition of her live-in ex-husband regarding her claims in the Complaint and over the course of discovery to date.

Defendant therefore respectfully requests that the Court deny Plaintiff's request for a protective order to preclude it from serving a subpoena on, and taking the deposition of, non-party witness Baksh and permit the deposition to proceed. Defendant also joins in Plaintiff's request that the discovery deadline of April 23, 2025 be extended solely for the purpose of allowing the deposition to take place.

Respectfully yours,

BRIAN HELLER

cc: All counsel – via ECF

Application granted. The parties' application for a discovery conference with respect to Plaintiff's request for a protective order to prevent Defendant from serving a subpoena on and taking the deposition of Plaintiff's ex-husband, Dkt. No. 19, is granted. The Court will hold a teleconference on April 15, 2025 at 2:00 p.m. The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website. Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Individual Rules. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 19.

SO ORDERED.

Dated: April 7, 2025
New York, New York

GREGORY H. WOODS
United States District Judge

4